**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

WILLIE SANDERS,

    Plaintiff,

    v.

2TRG INC., *et al.*,

    Defendants.

Case No. 1:10-cv-683

Barrett, J.
Bowman, M.J.

## REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1)(A), (B), and (C), and § 636(b)(3), the above-captioned matter has been referred to the undersigned United States Magistrate Judge. The Magistrate Judge is empowered to deal with all pretrial and post-judgment motions and procedures, whether dispositive or not, and to render a report and recommendation to the Court on any matters classified as dispositive by statute.

On October 4, 2010, Plaintiff initiated this litigation *in forma pauperis* by filing a *pro se* complaint against Defendants for wrongful termination and a motion for the Court's assistance in obtaining counsel. (Doc. 1, 4). On October 5, 2010, the Court conditionally granted Plaintiff's motion for the Court's assistance in obtaining counsel. (Doc. 2). The Court granted the motion on the condition that the Volunteer Lawyers for the Poor ("VLP") was successful in obtaining counsel willing to accept the case and represent the Plaintiff. *Id.*

While the case was still being reviewed by VLP, Defendant Eric Adams ("Defendant Adams") entered his appearance on November 19, 2010, by filing a motion

to dismiss Plaintiff's complaint in lieu of filing an answer. (Doc. 9). Shortly thereafter, on December 2, 2010, the Court rescinded its previous Order granting Plaintiff's motion for assistance in obtaining counsel after having been notified by the VLP that it was unable to refer Plaintiff to an attorney who would handle the case. (Doc. 13). The Court ordered Plaintiff to proceed *pro se* and to respond to the pending motion to dismiss filed by Defendant Adams on or before December 13, 2010. *Id.* As of June 7, 2011, Plaintiff had not yet responded to the pending motion. (Doc. 17). Consequently, an Order to Show Cause was issued on June 7, 2011, ordering Plaintiff to respond by June 21, 2011, as to why the motion to dismiss should not be considered unopposed and granted. *Id.* Plaintiff has failed to respond to the Order.[1]

It is incumbent on any litigant, including a *pro se* litigant, to respond to the Court's orders in a timely fashion. While some latitude may be extended to *pro se* litigants "when dealing with sophisticated legal issues…there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991). In order to pay heed to a defendant's right to a fair and timely resolution of the litigation, *pro se* litigants should not "be accorded special consideration" when they fail to comply with easily understood court deadlines. *Id.* at 110.

---

[1] As of the filing of this Order, the certified mail receipt has not yet been returned. However, there has been no indication in the record that his address is inaccurate as no other pleadings previously filed in this case have been returned to the Court undeliverable. The Court also notes that if Plaintiff's address is inaccurate, it is Plaintiff's duty as a *pro se* litigant to supply the Court with notice of any and all changes in his address. Failing to keep the Court apprised of such would also result in Plaintiff's Complaint being dismissed with prejudice based on Plaintiffs failure to prosecute. *See Barber v. Runyon,* No. 93-6318, 1994 WL 163765, at *1 (6th Cir. May 2, 1994).

Under Rule 41(b) of the Federal Rules of Civil Procedure, a court may dismiss for "failure of the plaintiff to prosecute or comply with the orders of the court…" Unless the court orders otherwise, a dismissal for failure to prosecute is an adjudication on the merits that is to be given preclusive effect, barring subsequent actions based on the same allegations. *See Bragg v. Flint Bd. of Educ.*, 570 F.3d 775 (6th Cir. 2009). Nearly 6 months have elapsed since the date of service of the motion to dismiss, and Plaintiff has failed to respond to the motion. (Doc. 9). In addition, Plaintiff was granted an additional period in which to respond. (Doc. 17). Although the Court prefers to adjudicate cases on their merits, Plaintiff has engaged in a clear pattern of delay by failing to respond to the Court's Order to Show Cause and by not prosecuting his case in any manner since filing his Complaint over 8 months ago. Therefore, Plaintiff's clear pattern of delay warrants dismissal of this case for failure to prosecute. *See Link v. Wabash R.R.,* 370 U.S. 626, 630-31 (1962).

For the reasons explained herein, **IT IS RECOMMENDED** that Plaintiff's Complaint (Doc. 4) be **DISMISSED WITH PREJUDICE,** pursuant to Fed. R. Civ. P. 41(b), from the active docket of this Court.

*s/Stephanie K. Bowman*
United States Magistrate Judge

3

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| WILLIE SANDERS, | Case No. 1:10-cv-683 |
| Plaintiff | Dlott, J.<br>Bowman, M.J. |
| v. | |
| 2TRG, INC., *et al.*, | |
| Defendants. | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).